UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )  Case No. 2:15-cr-00069-JDL-2 |
| | ) |
| VICTOR LARA, JR., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Victor Lara, Jr. is currently joined with codefendants Kourtney Williams and Ishmael Douglas. *See* ECF No. 25 at 1. Lara objects to Speedy Trial Orders that were entered at the request of his codefendants, which continued the case and excluded certain dates from the Speedy Trial clock. *See* ECF No. 72. For the reasons below, Lara's objection is overruled.

## I. BACKGROUND

Victor Lara, Jr., Kourtney Williams, and Ishmael Douglas are jointly charged with conspiracy to possess with intent to distribute controlled substances, among other charges. *See* ECF No. 25 at 1. In late April, the case was set for the June 1, 2015 trial list. ECF No. 58. On May 6, Williams filed a motion to extend the deadline for filing his pre-trial motions from May 6 to May 20. ECF No. 67. On May 7, Douglas filed his own motion, seeking to extend his own pre-trial motion deadline from May 11 to June 11. ECF No. 69 at 1. Douglas also moved to continue the case from the June 1 trial list to the July 6 trial list. *Id.* at 2. Both Douglas and Williams waived their corresponding rights under the Speedy Trial Act, 18 U.S.C.A. § 3161 *et seq.* (2014). ECF No. 68; ECF No. 69 at 2.

1

On May 8, I entered two Speedy Trial Orders, granting Douglas' and Williams' requests.  ECF No. 70; ECF No. 71.  The orders each found that the ends of justice served by the continuances outweighed the interests of the public and the defendants in a speedy trial, as required by the so-called "Ends of Justice Clause" of the Speedy Trial Act.  *Id*.  The orders also concluded that the continuances were reasonable as to all parties, and invited codefendants to object.  *Id*.

On May 12, Lara filed an objection to the orders, noting that he does not waive his speedy trial rights and does not wish to continue from the June trial list.  ECF No. 72 at 1.  Lara cites his continued pretrial detention as the reason for this objection.  *Id*.

Lara has made no motion to sever, and so I cannot give effect to his desire to remain on the June trial list.  The real issue, then, is whether the delays resulting from these continuances are excludable, for Lara, under the Speedy Trial Act.

The so-called "Codefendant Clause" of the Speedy Trial Act provides that a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted" is excludable when calculating the Act's deadlines.  18 U.S.C.A. § 3161(h)(6).  This provision "stops the Speedy Trial clock for one defendant in the same manner and for the same amount of time as for all co-defendants."  *United States v. Maryea*, 704 F.3d 55, 64 (1st Cir. 2013) (citing *United States v. Rush*, 738 F.2d 497, 504 (1st Cir. 1984)) (internal punctuation omitted).  Accordingly, when a codefendant has received a continuance and that time has been excluded from the codefendant's

Speedy Trial clock under the Ends of Justice Clause, that time is also excluded from an objecting defendant's Speedy Trial clock if the delay is reasonable. *See Maryea*, 704 F.3d at 66.

I have previously concluded that the continuances requested by Lara's codefendants are excludable under the Ends of Justice Clause. *See* ECF No. 70; ECF No. 71. Likewise, I have already concluded that the delays resulting from the continuances are reasonable as to Lara. *See id.* In his objection, Lara offers no reason beyond his continued detention to conclude that the delay worked by his codefendants' requests, a net period of 61 days, is unreasonable. *See* ECF No. 72. The period of delay is relatively modest, and the fact of Lara's detention does not automatically make the delay unreasonable. *See Maryea*, 704 F.3d at 68 (finding a 60-day delay for a detained defendant was reasonable); *United States v. Dastinot*, 2014 WL 2804157, * at 2-3 (D. Me. June 20, 2014) (finding delay of roughly three months was reasonable for defendant facing continued detention). Having carefully reconsidered the totality of the relevant circumstances, I reaffirm that the delays due to Williams' and Douglas' requests are reasonable as to Lara.

It is therefore **ORDERED** that:

1. The time period from and including May 6, 2015 through July 6, 2015 is hereby excluded from calculation under the Speedy Trial Act.
2. The case remains on the trial list of July 6, 2015.[1]

**SO ORDERED.**

      /s/Jon D.Levy
**United States District Judge**

Dated this 27th day of May, 2015.

---

[1] Counsel for Lara asserts that he will be unavailable for jury selection on the date of July 6. Because an alternative date for trial – other than remaining on the June trial list – has not yet been proposed, I decline to continue the case to a different date at this time. However, should July 6 remain a conflict for Lara's counsel, the court will, of course, entertain further motions to continue.

4