UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 2:15-cr-00069-JDL-2 |
| | ) |
| VICTOR LARA, JR., | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION ON MOTION TO REDUCE SENTENCE**

Defendant filed a letter addressed to his attorney and directed to the Court seeking a reduction of his 126-month sentence for conspiracy to commit Hobbs Act Robbery. The Court construed the letter as a motion to reduce sentence. (Motion, ECF No. 505; Judgment, ECF No. 498.)[1] After consideration of the motion, I recommend the Court deny the motion.

### DISCUSSION

"Once a district court imposes a term of imprisonment, it may modify that term only to the extent authorized by 18 U.S.C. § 3582(c)." *United States v. Griffin*, 524 F.3d 71, 83 (1st Cir. 2008). Under § 3582(c), the sentencing court may: (1) correct an arithmetical, technical or other clear error within 14 days after sentencing, *id.* § 3582(c)(1)(B), Fed. R. Crim. P. 35(a); (2) reduce a sentence upon the government's motion within one year of sentencing if the defendant provided substantial assistance investigating or prosecuting another person, *id.* § 3582(c)(1)(B), Fed. R. Crim. P. 35(b); (3) modify a sentence that was

---

[1] Defendant cited 18 U.S.C. § 4205(g) in support of his motion for a sentence reduction, but because that provision was repealed and replaced, his letter is construed as a motion pursuant to 18 U.S.C. § 3582(c).

based on a guideline range which the Sentencing Commission subsequently lowered, *id.* § 3582(c)(2); (4) shorten a sentence for a defendant over the age of seventy who has served more than thirty years in prison and is no longer a danger to others, *id.* § 3582(c)(1)(A)(ii); and (5) reduce a sentence for extraordinary and compelling reasons, such as terminal illness, serious physical or cognitive impairment, or the death or incapacitation of the caregiver of a minor child, spouse or partner, *id.* § 3582(c)(1)(A)(i), U.S.S.G. § 1B1.13 Application Note 1.  Beyond that "handful of narrowly circumscribed exceptions," the sentencing court "has no jurisdiction to vacate, alter, or revise a sentence previously imposed." *United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017).

A court may only reduce a sentence based on extraordinary and compelling reasons after considering the § 3553(a) factors: (1) "upon motion of the Director of the Bureau of Prisons," or (2) "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A)(i).

Here, Defendant does not assert, and the record does not reflect, that Defendant exhausted the usual administrative process before he filed the motion.  Defendant argues, however, without any evidentiary support, that there is no administrative process available to him.  Even if Defendant could be deemed to have exhausted his administrative rights due to the unavailability of the usual administrative process, he does not cite any reasons that would justify a sentence reduction.  Instead, Defendant asserts vague safety concerns

and points to the alleged reputation of the facility to which he is assigned as grounds for relief.

Defendant also argues that his assignment to his current facility violates the First Step Act requirement that prisoners be placed "to the extent practicable, in a facility within 500 driving miles" of the prisoner's primary residence. 18 U.S.C. § 3621(b). Defendant does not explain why the distance from his residence to the facility would justify a reduction in sentence, rather than a different placement. More importantly, however, the First Step Act explicitly did not authorize federal courts to review Bureau of Prisons placement decisions. See *id.* ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court"); *Wills v. Barnhardt*, No. 1:20-CV-01737-DDD, 2021 WL 3849408, at *3 (D. Colo. Aug. 27, 2021) (no jurisdiction to hear a claim challenging placement based on the First Step Act direction to BOP not to exceed 500 driving miles from a prisoner's primary residence).

In short, Defendant's arguments do not constitute grounds to reduce his sentence.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Defendant's motion for a sentence reduction.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 18th day of October, 2021.